ESSEX COMPANY *vs.* ADOLPHUS DURANT.

It is no defence to a writ of entry, that the demandant's grantor, as the demandant knew, while seised of the land, made an oral agreement to hold it in trust for him.

WRIT OF ENTRY to recover land in Lawrence. Trial in Essex at November term 1858 before *Dewey,* J., who reported the case to the full court. The facts material to the only point decided are stated in their opinion.

*E. Merwin,* for the demandants.

*B. F. Butler & S. B. Ives, Jr.* for the tenant, cited 1 Story on Eq. § 437; Chit. Con. (8th Amer. ed.) 678; *Irving* v. *Thomas,* 18 Maine, 418; *Bliss* v. *Thompson,* 4 Mass. 492; *Somes* v. *Skinner,* 16 Mass. 348; *Somes* v. *Brewer,* 2 Pick. 192.

HOAR, J. To maintain their title the demandants show, in the first place, that the tenant, who formerly owned the demanded premises, conveyed the same to Jesse Sargent by a deed dated March 29th 1843; that Sargent conveyed to Stephen Barker by a deed dated September 11th 1843; and that by successive conveyances this title has come to the demandants. The tenant's answer to this is an oral contract, which he alleges that Barker, while seised of the land, made with him, by which he became entitled to an interest in the land, or the price paid for it, if it should be sold, and by which Barker agreed to hold the estate in trust for his benefit, and that the conveyance by Barker was therefore in fraud of his right; and that the demandants and all those through whom they claimed from Barker had notice of this agreement.

The statement of such a defence to a writ of entry would

seem to be sufficient, upon the most familiar principles, to show that it must be unavailing. The tenant has no legal title, and does not profess to have had any, since he conveyed to Sargent The deeds which were put in evidence, gave a complete legal title to the demandants. If Barker created a trust, by which the tenant became entitled to any equitable or beneficial interest, and the demandants are purchasers with notice, then they take the estate subject to and charged with the trust. But trusts are to be enforced, when they are lawfully created, by courts of equity. A violation of a trust, however fraudulent, does not give any legal seisin of the trust estate to the *cestui que trust;* nor prevent the effect of a conveyance according to the forms of law to vest a seisin in the grantee. The demandants took the estate none the less, whatever merely equitable interests the tenant may have had, or may still have in it. This action is brought to determine which party is rightfully seised. Clearly the demandants have the legal seisin, and the tenant has not.

We can see no reason, upon the other facts reported, why all the tenant's pretence of interest in the demanded premises did not vest in his assignees when he went into insolvency ; nor any sufficient objection to the validity of the conveyance by the assignees to the demandants. The questions of the trust and the alleged fraud would seem also to have been conclusively settled against the tenant in the suit in equity in the United States courts. But the grounds of our opinion first stated are decisive, and the tenant must be defaulted.

*Judgment for the demandants.*